UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE A. CAMILO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CINDY SWEENEY, et al.,<br><br>　　　　Respondents. | Civil Action No. 21-20417(MCA)<br><br>MEMORANDUM & ORDER |

　　*Pro se* Petitioner Jose Camilo, currently confined at East Jersey State Prison, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254 and has requested leave to proceed *in forma pauperis*. Local Civil Rule 81.2 provides:

> If the petition or motion is presented *in forma pauperis* it shall include an affidavit (attached to the back of the form) setting forth information which establishes that the petitioner or movant is unable to pay the fees and costs of the proceedings.

L.Civ.R. 81.2(b). Petitioner has neither provided a prisoner account statement account showing his prisoner account balance nor an affidavit setting forth information establishing that he is unable to pay the $5.00 filing fee. As such, the motion for *in forma pauperis* status, ECF No. 2, is denied WITHOUT PREJUDICE to Plaintiff's submission of a prison account statement and a signed affidavit setting forth information showing that he is unable to pay the filing fee <u>or</u> payment of the $5.00 filing fee.

　　In addition to the deficiency in Plaintiff's IFP application, the Petition brought pursuant to 28 U.S.C. § 2254 is does not contain all the pages, including the signature page, and is

unsigned.[1]  ECF No. 1.  At this time, the Court will direct the Clerk of the Court to send Petitioner a blank § 2254 form.  Plaintiff is directed to fill out the Petition completely and sign the Petition within 30 days if he intends to proceed with this matter.

**THEREFORE**, it is on this 9th day of November 2022,

**ORDERED** that Plaintiff's motion request to proceed *in forma pauperis* is denied WITHOUT PREJUDICE (ECF No. 2) ; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the petition or assessing a filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a prisoner account statement and a complete, signed

---

[1] Petitioner has included numerous exhibits, and it is unclear whether he is trying to challenge his 1982 conviction or his most recent denial of parole or both.  If Petitioner chooses to file an Amended Petition, he should fill out the Petition completely, sign the Petition, and clarify what determination he is seeking to challenge through this § 2254 Petition.

affidavit that contains information to establish that Petitioner is currently unable to pay the fees and costs of the proceeding or the $5.00 filing fee; and it is further

**ORDERED** that the Clerk of the Court shall also send Petitioner a blank Petition for Relief From a Conviction or Sentence By a Person in State Custody Under 28 U.S.C. 2254; if Petitioner wishes to reopen this matter, he shall fill out the Petition completely and sign the Petition within 30 days; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, a complete, signed affidavit of indigence or the $5.00 filing fee, and a complete signed Petition, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner by regular U.S. mail.

_____
Hon. Madeline Cox Arleo
United States District Judge